[Cite as *State ex rel. Dukes v. Kolkovich*, 2026-Ohio-2283.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. LAVONTE L. DUKES

    Relator

    v.

ELLIOT KOLKOVICH, SUMMIT COUNTY PROSECUTOR

    Respondent

C.A. No.    31769

ORIGINAL ACTION IN MANDAMUS

Dated: June 17, 2026

PER CURIAM.

{¶1} Relator, LaVonte Dukes, has petitioned this Court for a writ of mandamus against Respondent, Elliot Kolkovich, the Summit County Prosecutor. He asks this Court to order the prosecutor to release various records and to award him statutory damages, court costs, and reasonable attorney fees. For the following reasons, this case must be dismissed.

{¶2} R.C. 2731.04 contains mandatory filing requirements for writs of mandamus. Relevant to this case, it requires applications for writs of mandamus to be "verified by affidavit." R.C. 2731.04. "An affidavit is a written declaration under oath, made without notice to the adverse party." R.C. 2319.02. A complaint is subject to dismissal when a relator fails to notarize his complaint or support it with a notarized affidavit. *State ex rel. Reeves v. Chief of Police, Cedar Point Police Dept.*, 2015-Ohio-2909, ¶ 4.

{¶3} When he first filed his complaint for writ of mandamus, Mr. Dukes included an affidavit, but the affidavit was not notarized. An affidavit that is not notarized "is not under oath." *Id.* at ¶ 3. Accordingly, the affidavit Mr. Dukes attached to his complaint did not satisfy R.C. 2731.04's filing requirement. *See id.* at ¶ 3-4.

{¶4} After Prosecutor Kolkovich moved for summary judgment, Mr. Dukes filed an amended complaint for writ of mandamus. He also later filed an affidavit and a notarized verification. The affidavit appeared to apply to certain evidence Mr. Dukes filed after he filed his original petition. The notarized verification swore to the truth of "the facts set forth in the foregoing Petition", but no petition was included. Likewise, a second page of the notarized verification swore to the truth of "the allegations contained in the [for]egoing complaint", but no complaint was included.

{¶5} Mr. Dukes never sought leave to amend his mandamus complaint. *See* Civ.R. 15(A); *King v. Divoky*, 2021-Ohio-1712, ¶ 39 (9th Dist.) ("Following the expiration of the applicable 28-day period, a plaintiff must obtain either leave from the trial court or written consent from the opposing party before filing an amended complaint."). He also waited until after the prosecutor moved for summary judgment to file an amended complaint. This Court has recognized that "'[a]n attempt to an amend a complaint following the filing of a motion for summary judgment raises the spectre of prejudice.'" *Brown v. FirstEnergy Corp.*, 2005-Ohio-712, ¶ 6, quoting *Johnson v. Norman Malone & Assoc., Inc.*, 1989 WL 154763, *5 (9th Dist. Dec. 20, 1989). Even if this Court were to consider the affidavit and notarized verification Mr. Dukes filed after he filed an amended complaint, those filings are incomplete, unclear, and do not otherwise satisfy R.C. 2731.04. Accordingly, his complaint is subject to dismissal. *See Reeves* at ¶ 4.

{¶6}   Lastly, this Court would note that Mr. Dukes never paid a cost deposit at the time of filing his original action. *See* Loc.R. 3.1(B). Loc.R. 3.1 requires a relator to pay a deposit or seek a waiver of that deposit when filing an original action. Although Mr. Dukes filed an application to proceed without prepayment of costs, he did not use the form/affidavit of indigency approved the Ohio Public Defender's Office. *See* Loc.R. 3.1(C)(1). Moreover, the declaration he included in his application is not notarized, so it does not constitute an affidavit. *See State ex rel. Reeves* at ¶ 3. Mr. Dukes later filed another application to proceed without prepayment of costs. That filing included a notarized affidavit, but Mr. Dukes once again did not use the form/affidavit of indigency approved by the Ohio Public Defender's Office. *See* Loc.R. 3.1(C)(1). Accordingly, he failed to comply with Loc.R. 3.1 when he filed his petition.

{¶7}   Mr. Dukes' petition is dismissed. Costs of this action are taxed to Mr. Dukes. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

 

 

SCOT A. STEVENSON
FOR THE COURT

HENSAL, J.
SUTTON, J.
<u>CONCUR.</u>

APPEARANCES:

LaVONTE L. DUKES, Pro Se, Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondent.